**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Trustees for the IBEW, LOCAL NO. 1, | ) | |
| HEALTH AND WELFARE FUND; Trustees | ) | |
| for the LOCAL NO. 1, IBEW PENSION | ) | |
| BENEFIT TRUST FUND; Trustees for the | ) | |
| IBEW VACATION FUND; Trustees for the | ) | Case No:  4:20-cv-00218 |
| IBEW, LOCAL NO. 1, APPRENTICESHIP | ) | |
| AND TRAINING FUND; Trustees for the | ) | |
| IBEW-NECA HOLIDAY TRUST FUND; | ) | |
| Trustees for the ELECTRICIANS' INCOME | ) | |
| SECURITY FUND; Trustees for the | ) | |
| ELECTRICIANS SALARY DEFERRAL PLAN; | ) | |
| Trustees for the NECA-IBEW MARKET | ) | |
| RESEARCH, DEVELOPMENT AND PUBLIC | ) | |
| RELATIONS FUND, the Trustees for the | ) | |
| NATIONAL ELECTRICAL BENEFIT FUND, | ) | |
| and the NECA ADMINISTRATIVE | ) | |
| MAINTENANCE FUND AND SUBSTANCE | ) | |
| ABUSE PROGRAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RESOURCE ELECTRICAL SYSTEMS, INC. | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| Serve: Secretary of State | ) | |
| Registered Agent | ) | |
| 600 West Main | ) | |
| Jefferson City, MO 65102 | ) | |
| and | ) | |
| | ) | |
| SHERMAN MCCOY d/b/a RESOURCE | ) | |
| ELECTRICAL SYSTEMS, INC. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| Serve: Sherman McCoy d/b/a | ) | |
| Resource Electrical Systems, Inc. | ) | |
| 17826 Argonne Estates Dr. | ) | |
| Florissant, MO 63034 | ) | |

1

and                                            )
                                               )
SHERMAN MCCOY, an individual                   )
                                               )
  Defendant                          )
                                               )
  Serve: Sherman McCoy               )
    Resource Electrical Systems, Inc. )
    17826 Argonne Estates Dr.      )
    Florissant, MO 63034           )

## **COMPLAINT**

## **PARTIES**

1. As set forth more fully below, Plaintiffs are trustees of various employee welfare, pension, and other benefit plans and funds ("Funds").

2. Defendant Resource Electrical Systems, Inc. is a corporation organized under Nevada law whose registration in Missouri was administratively dissolved by the Secretary of State since at least 2016.  At all times relevant to this action, Defendant Resource Electrical Systems, Inc. has been engaged in the electrical construction business with a principal place of business at 12739 Carrollton Industrial Court, Bridgeton, Missouri 63044.  Defendant Resource Electrical Systems, Inc. is an employer within the meaning of the LMRA, as amended, 29 U.S.C. § 185 and within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

3. Defendant Sherman McCoy is an individual and for all times relevant to this action engaged in the electrical construction business, doing business as Resource Electrical Systems, Inc. with a principal place of at 12739 Carrollton Industrial Court, Bridgeton, Missouri 63044.  Defendant McCoy is an employer within the meaning of the LMRA, as amended, 29 U.S.C. § 185 and within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

2

4.     Because Defendant McCoy continues to conduct business on behalf of Resource Electrical Systems, Inc., after administrative dissolution and for all times relevant to this action, Defendant McCoy is personally liable for all obligations of Resource Electrical Systems, Inc.  Therefore, hereinafter, Defendant Resource Electrical Systems, Inc and Defendant Sherman McCoy d/b/a Defendant Resource Electrical Systems, Inc shall both collectively be referred to as "Defendant Resource."

5.     Defendant Sherman McCoy ("McCoy") is an individual residing in St. Louis County.  At all times relevant to this action, McCoy was the President and CEO of Resource Electrical Systems, Inc.

## JURISDICTION AND VENUE

6.     This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185, each of which provide that Federal District Courts have jurisdiction over suits thereunder.

7.     Venue is proper in this Court in that an action brought by Trust Fund fiduciaries may be brought in a District where the breach took place, where a defendant resides or may be found, or where the plan is administered.  *See* Section 502(e)(2) of ERISA, 29 U.S.C. § 1132. Defendants Resource and McCoy resides in this District. Venue is also proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of events or omissions giving rise to this claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

8.     Local 1, International Brotherhood of Electrical Workers AFL-CIO, (herein "Local 1") is a voluntary unincorporated association with its principal office in St. Louis,

3

Missouri.  Local 1 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment, and for other purposes.  It is a labor organization in an industry affecting commerce within the meaning of the National Labor Relations Act (NLRA), 29 U.S.C. § 152(5) and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

9.     On September 13, 2011, Sherman McCoy, President and CEO of Defendant Resource, signed a "Letter of Assent - A" binding Defendant Resource to the then-current and any successor Inside Agreement ("Labor Agreements") between St. Louis Chapter National Electrical Contractors Association ("NECA") and Local 1.  A copy of the Letter of Assent is attached hereto and incorporated herein as Exhibit 1.

10.     During all times material to this action, Defendant Resource has been obligated by the provisions of the Labor Agreements to file reports and pay the monthly contributions due to the employee benefit trust funds covered by this Complaint for the benefit of eligible bargaining unit employees who are covered under the Trust Agreements and Trust Plans.  The Trust Agreements and Declarations of Trusts of the Plaintiff Trust Funds are incorporated into the Labor Agreements by reference.

11.     Under the Labor Agreements, reports and contributions, are due to the employee benefit trust funds covered by this Complaint within fifteen (15) days following the end of the calendar month.

12.     At all times material herein, Defendant Resource has employed bargaining unit employees and/or individuals on whose behalf it has been required to pay contributions.

4

13.     For various from July 2017 through the present, Defendant Resource has failed to timely and/or fully pay the contributions, due for hours worked and/or wages earned by its bargaining unit employees as required by the Labor Agreements.

14.     For October 2019, Defendant Resource has failed to file reports and pay the contributions due for hours worked and/or wages earned by its bargaining unit employees as required by the Labor Agreements.

15.     Under Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132, Section 6.04(g) of the Labor Agreements, and the Trust Agreements incorporated into the Labor Agreements, Plaintiffs are entitled to an audit of Defendant Resource's books and records to determine the exact amount of contributions due under the Labor Agreements.

16.     Beginning in September 2019, the Funds initiated an independent payroll examination of Defendant Resource for the period from March 1, 2016 through December 31, 2019 to determine the accuracy of the hours and wages reported by Defendant Resource and to ascertain whether there were unreported hours and wages on which contributions were due.  Defendant Resource has failed and refused to produce the necessary documents to complete the audit.

17.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and the Labor Agreements and the Trust Agreements incorporated therein, Defendant Resource is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest or double interest on late paid and unpaid contributions, including but not limited to salary deferrals.  Unless stated otherwise in this Complaint, the Trustees of the Plaintiff Funds and Local 1 have duly established liquidated damages and interest

to be applied to any contribution that is not paid when due as follows: liquidated damages at a flat two percent of the contribution due, and interest at the rate of 1/30th of two percent of the contribution due for each date the contribution is late.

18.      Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), and the Labor Agreements and Trust Agreements incorporated therein, Defendant Resource is obligated to pay attorney's fees and costs incurred by the Plaintiffs in collecting contributions.

## COUNT I - HEALTH AND WELFARE FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the IBEW, Local No. 1, Health and Welfare Fund (herein "Health and Welfare Fund"), and for their cause of action state:

19.      Plaintiffs re-allege and incorporate as part of Count I, paragraphs 1-18 as if fully set forth herein.

20.      The Health and Welfare Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

21.      Frank Jacobs, Emily Martin, Robert Dussold, Douglas Martin, Dave Roth, and David Gralike are Trustees of the Health and Welfare Fund and control and manage the operation and administration of the Health and Welfare Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

22.     Defendant Resource's failure to file reports for October 2019 and failure to timely and fully pay contributions to the Health and Welfare Fund for various months from July 2017 through the present is a violation of the Labor Agreements and ERISA.

23.     Absent an audit, it is impossible for Plaintiffs to establish the exact amount of contributions owed to the Health and Welfare Fund.

**WHEREFORE**, the Trustees of the Health and Welfare Fund pray for an order and judgment against Defendant Resource providing for:

A.      For an accounting and audit, at Defendant Resource's expense, of the books and records of Defendant Resource in order to determine and verify the precise and exact amounts owed to the Health and Welfare Fund for the period from March 1, 2016 through December 31, 2019;

B.      Payment of the unpaid and delinquent contributions owed by Defendant Resource to the Health and Welfare Fund for period from July 2017 to the present and any additional unpaid contributions uncovered in the audit;

C.      Payment of interest and liquidated damages owed to the Health and Welfare Fund under the terms of the Labor Agreements for the late paid and unpaid contributions from July 2017 to the present and for any additional unpaid contributions uncovered in the audit;

D.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT II - PENSION BENEFIT TRUST FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the Local No. 1, IBEW, Pension Benefit Trust Fund (herein "Pension Fund"), and for their cause of action state:

24.    Plaintiffs reallege and incorporate as part of Count II, paragraphs 1-18 as if fully set forth herein.

25.    The Pension Fund is a covered "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

26.    Frank Jacobs, Timothy Green, Robert Dussold, Tim Chettle, Marion Hayes, and Douglas Martin are Trustees of the Pension Fund and control and manage the operation and administration of the Pension Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

27.    Defendant Resource's failure to file reports for October 2019 and failure to timely and fully pay contributions to the Pension Fund for various months from July 2017 through the present is a violation of the Labor Agreements and ERISA.

28.    Absent an audit, it is impossible for Plaintiffs to establish the exact amount of contributions owed to the Pension Fund.

**WHEREFORE**, the Trustees of the Pension Fund pray for an order and judgment against Defendant Resource providing for:

A.    For an accounting and audit, at Defendant Resource's expense, of the books and records of Defendant Resource in order to determine and verify the precise

and exact amounts owed to the Pension Fund for the period from March 1, 2016 through December 31, 2019;

B.      Payment of the unpaid and delinquent contributions owed by Defendant Resource to the Pension Fund for period from July 2017 to the present and any additional unpaid contributions uncovered in the audit;

C.      Payment of interest and liquidated damages owed to the Pension Fund under the terms of the Labor Agreements for the late paid and unpaid contributions from July 2017 to the present and for any additional unpaid contributions uncovered in the audit;

D.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

## <u>COUNT III - VACATION FUND CLAIMS</u>

**COME NOW** Plaintiffs, the Trustees of the IBEW Vacation Fund (herein "Vacation Fund"), and for their cause of action state:

29.      Plaintiffs re-allege and incorporate as part of Count III, paragraphs 1-18 as if fully set forth herein.

30.       The Vacation Fund is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), 1003(a) and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

31.      Frank Jacobs, Steven Muehling, Tim Chettle, Douglas Martin, Donald J. Bresnan, Jr., and Robert Senf are Trustees of the Vacation Fund and control and

manage the operation and administration of the Vacation Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

32.     Defendant Resource's failure to file reports for October 2019 and failure to timely and fully pay contributions to the Vacation Fund for various months from July 2017 through the present is a violation of the Labor Agreements and ERISA.

33.     Absent an audit, it is impossible for Plaintiffs to establish the exact amount of contributions owed to the Vacation Fund.

**WHEREFORE**, the Trustees of the Vacation Fund pray for an order and judgment against Defendant Resource providing for:

A.      For an accounting and audit, at Defendant Resource's expense, of the books and records of Defendant Resource in order to determine and verify the precise and exact amounts owed to the Vacation Fund for the period from March 1, 2016 through December 31, 2019;

B.      Payment of the unpaid and delinquent contributions owed by Defendant Resource to the Vacation Fund for period from July 2017 to the present and any additional unpaid contributions uncovered in the audit;

C.      Payment of interest and liquidated damages owed to the Vacation Fund under the terms of the Labor Agreements for the late paid and unpaid contributions from July 2017 to the present and for any additional unpaid contributions uncovered in the audit;

D.     Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT IV - APPRENTICESHIP FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the IBEW, Local No. 1, Apprenticeship and Training Fund (herein "Apprenticeship Fund"), and for their cause of action state:

34.    Plaintiffs re-allege and incorporate as part of Count IV, paragraphs 1-18 as if fully set forth herein.

35.    The Apprenticeship Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

36.    Frank Jacobs, Donald J. Bresnan, Jr., Douglas Martin, Steve Muehling, Robert Kaemmerlen, Jr., and Robert Senf are Trustees of the Apprenticeship Fund and control and manage the operation and administration of the Apprenticeship Fund.  The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

37.    Defendant Resource's failure to file reports for October 2019 and failure to timely and fully pay contributions to the Apprenticeship Fund for various months from July 2017 through the present is a violation of the Labor Agreements and ERISA.

38.    Absent an audit, it is impossible for Plaintiffs to establish the exact amount of contributions owed to the Apprenticeship Fund.

11

**WHEREFORE**, the Trustees of the Apprenticeship Fund pray for an order and judgment against Defendant Resource providing for:

A.      For an accounting and audit, at Defendant Resource's expense, of the books and records of Defendant Resource in order to determine and verify the precise and exact amounts owed to the Apprenticeship Fund for the period from March 1, 2016 through December 31, 2019;

B.      Payment of the unpaid and delinquent contributions owed by Defendant Resource to the Apprenticeship Fund for period from July 2017 to the present and any additional unpaid contributions uncovered in the audit;

C.      Payment of interest and liquidated damages owed to the Apprenticeship Fund under the terms of the Labor Agreements for the late paid and unpaid contributions from July 2017 to the present and for any additional unpaid contributions uncovered in the audit;

D.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

### COUNT V - HOLIDAY FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the IBEW-NECA Holiday Fund (herein "Holiday Fund"), and for their cause of action state:

39.     Plaintiffs re-allege and incorporate as part of Count V, paragraphs 1-18 as if fully set forth herein.

40.     The Holiday Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis,

12

Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

41.     Frank Jacobs, Donald J. Bresnan, Jr., Kenneth Landwehr, Jr., Douglas Martin, Robert Senf, and Tim Chettle are Trustees of the Holiday Fund and control and manage the operation and administration of the Holiday Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

42.     Defendant Resource's failure to file reports for October 2019 and failure to timely and fully pay contributions to the Holiday Fund for various months from July 2017 through the present is a violation of the Labor Agreements and ERISA.

43.     Absent an audit, it is impossible for Plaintiffs to establish the exact amount of contributions owed to the Holiday Fund.

**WHEREFORE**, the Trustees of the Holiday Fund pray for an order and judgment against Defendant Resource providing for:

A.     For an accounting and audit, at Defendant Resource's expense, of the books and records of Defendant Resource in order to determine and verify the precise and exact amounts owed to the Holiday Fund for the period from March 1, 2016 through December 31, 2019;

B.     Payment of the unpaid and delinquent contributions owed by Defendant Resource to the Holiday Fund for period from July 2017 to the present and any additional unpaid contributions uncovered in the audit;

C.      Payment of interest and liquidated damages owed to the Holiday Fund under the terms of the Labor Agreements for the late paid and unpaid contributions from July 2017 to the present and for any additional unpaid contributions uncovered in the audit;

D.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT VI - INCOME SECURITY FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the Electricians' Income Security Fund (herein "Income Security Fund"), and for their cause of action state:

44.      Plaintiffs re-allege and incorporate as part of Count VI, paragraphs 1-18 as if fully set forth herein.

45.      The Income Security Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

46.      Frank Jacobs, David Stanley, Tim Chettle, Brian Kohnen, Douglas Martin, and Donald J. Bresnan, Jr. are Trustees of the Income Security Fund and control and manage the operation and administration of the Income Security Fund.  The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

47.     Defendant Resource's failure to file reports for October 2019 and failure to timely and fully pay contributions to the Income Security Fund for various months from July 2017 through the present is a violation of the Labor Agreements and ERISA.

48.     Absent an audit, it is impossible for Plaintiffs to establish the exact amount of contributions owed to the Income Security Fund.

**WHEREFORE**, the Trustees of the Income Security Fund pray for an order and judgment against Defendant Resource providing for:

A.     For an accounting and audit, at Defendant Resource's expense, of the books and records of Defendant Resource in order to determine and verify the precise and exact amounts owed to the Income Security Fund for the period from March 1, 2016 through December 31, 2019;

B.     Payment of the unpaid and delinquent contributions owed by Defendant Resource to the Income Security Fund for period from July 2017 to the present and any additional unpaid contributions uncovered in the audit;

C.     Payment of interest and liquidated damages owed to the Income Security Fund under the terms of the Labor Agreements for the late paid and unpaid contributions from July 2017 to the present and for any additional unpaid contributions uncovered in the audit;

D.     Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.     For such further relief as the Court deems just, equitable and appropriate.

15

## COUNT VII – ELECTRICIANS' SALARY DEFERRAL PLAN CLAIMS

**COME NOW** Plaintiffs, the Trustees of the Electricians' Salary Deferral (401(k)) Plan (herein "Salary Deferral Plan"), and for their cause of action state:

49.     Plaintiffs reallege and incorporate as part of Count VII, paragraphs 1-18 as if fully set forth herein.

50.      The Salary Deferral Plan is a covered "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

51.      Frank Jacobs, Donald J. Bresnan, Jr., David A. Roth, Douglas Martin, Robert Schumann, Jr. and Marion Hayes are Trustees of the Salary Deferral Plan and control and manage the operation and administration of the Salary Deferral Plan.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

52.     Defendant Resource's failure to file reports for October 2019 and failure to timely and fully pay contributions to the Income Salary Deferral Plan for various months from July 2017 through the present is a violation of the Labor Agreements and ERISA.

53.     Absent an audit, it is impossible for Plaintiffs to establish the exact amount of contributions owed to the Salary Deferral Plan.

**WHEREFORE**, the Trustees of the Salary Deferral Plan pray for an order and judgment against Defendant Resource providing for:

A.      For an accounting and audit, at Defendant Resource's expense, of the books and records of Defendant Resource in order to determine and verify the precise and exact amounts owed to the Salary Deferral Plan for the period from March 1, 2016 through December 31, 2019;

B.      Payment of the unpaid and delinquent contributions owed by Defendant Resource to the Salary Deferral Plan for period from July 2017 to the present and any additional unpaid contributions uncovered in the audit;

C.      Payment of interest and liquidated damages owed to the Salary Deferral Plan under the terms of the Labor Agreements for the late paid and unpaid contributions from July 2017 to the present and for any additional unpaid contributions uncovered in the audit;

D.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

### <u>COUNT VIII - MARKET RESEARCH FUND CLAIMS</u>

**COME NOW** Plaintiffs, the Trustees of the NECA-IBEW Market Research, Development and Public Relations Fund (herein "Market Research Fund"), and for their cause of action state:

54.      Plaintiffs re-allege and incorporate as part of Count VIII, paragraphs 1-18 of as if fully set forth herein.

55.      The Market Research Fund's claim is for breach of contract and arises under Section 301 of the LMRA, as amended, 29 U.S.C. § 185.

56.     The Market Research Fund is an industry research fund under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), and a Missouri Corporation with its offices at 5735 Elizabeth Avenue, St. Louis, Missouri 63110.

57.     Frank Jacobs, David A. Roth, Timothy Murray, Douglas Martin, Steve Potts and Robert Kaemmerlen, Jr. are Trustees of the Market Research Fund and control and manage the operation and administration of the Market Research Fund. The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

58.     Defendant Resource's failure to file reports for October and failure to timely and fully pay contributions for various months from July 2017 through the present to the Market Research Fund is a breach of the Labor Agreements.  Defendant Resource is liable to Plaintiff Market Research Fund, which is a third-party beneficiary of the Labor Agreements, for its breach under Section 301 of the LMRA, 29 U.S.C. § 185.

59.     Absent an audit, it is impossible for Plaintiffs to establish the exact amount of contributions owed to the Market Research Fund.

**WHEREFORE**, the Trustees of the Market Research Fund pray for an order and judgment against Defendant Resource providing for:

A.     For an accounting and audit, at Defendant Resource's expense, of the books and records of Defendant Resource in order to determine and verify the precise and exact amounts owed to the Market Research Fund for the period from March 1, 2016 through December 31, 2019;

B.      Payment of the unpaid and delinquent contributions owed by Defendant Resource to the Market Research Fund for period from July 2017 to the present and any additional unpaid contributions uncovered in the audit;

C.      Payment of interest and liquidated damages owed to the Market Research Fund under the terms of the Labor Agreements for the late paid and unpaid contributions from July 2017 to the present and for any additional unpaid contributions uncovered in the audit;

D.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

## <u>COUNT IX - NATIONAL ELECTRICAL BENEFIT FUND CLAIMS</u>

**COME NOW** Plaintiffs, the Trustees of the National Electrical Benefit Fund (herein "NEBF"), and for their cause of action state:

60.      Plaintiffs re-allege and incorporate as part of Count IX, paragraphs 1-18 as if fully set forth herein.

61.      The NEBF is a covered "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2).  Contributions and reports are sent to NECA in St. Louis, Missouri and the fund is administered in Rockville, Maryland.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

62.      Lonnie R. Stephenson, David Long, Kenneth W. Cooper and Denis F. Quebec are Trustees of the NEBF.  The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

19

63.     Defendant Resource's failure to file reports for October 2019 and failure to timely and fully pay contributions to the NEBF for various months from July 2017 through the present is a violation of the Labor Agreements and ERISA.

64.     Absent an audit, it is impossible for Plaintiffs to establish the exact amount of contributions owed to the NEBF.

65.     The Trustees of the NEBF Fund have duly established liquidated damages and interest to be applied to any contribution that is not paid when due as follows:  interest rate of 10% compounded monthly, and liquidated damages at a rate of 20% of total delinquent contributions.

**WHEREFORE**, the Trustees of the NEBF pray for an order and judgment against Defendant Resource providing for:

A.      For an accounting and audit, at Defendant Resource's expense, of the books and records of Defendant Resource in order to determine and verify the precise and exact amounts owed to the NEBF for the period from March 1, 2016 through December 31, 2019;

B.      Payment of the unpaid and delinquent contributions owed by Defendant Resource to the NEBF for period from July 2017 to the present and any additional unpaid contributions uncovered in the audit;

C.      Payment of interest and liquidated damages owed to the NEBF under the terms of the Labor Agreements for the late paid and unpaid contributions from July 2017 to the present and for any additional unpaid contributions uncovered in the audit;

D.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT X - ADMINISTRATIVE MAINTENANCE FUND AND SUBSTANCE ABUSE PROGRAM CLAIMS

**COMES NOW** Plaintiff St. Louis Chapter-NECA, on behalf of the NECA Administrative Maintenance Fund and Substance Abuse Program (herein "AMF"), and for their cause of action state:

66.      Plaintiff re-alleges and incorporates as part of Count X, paragraphs 1-18 as if fully set forth herein.

67.      The AMF's claim is for breach of contract and arises under Section 301 of the LMRA, as amended, 29 U.S.C. § 185.

68.       The AMF is administered by the St. Louis Chapter NECA and was established for the purpose of administration of the Labor Agreements.

69.      Defendant Resource's failure to file reports for October 2019 and failure to timely and fully pay contributions to the AMF for various months from July 2017 through the present is a breach of the Labor Agreements.  Defendant is liable to Plaintiff AMF, which is a third-party beneficiary of the Labor Agreements, for its breach under Section 301 of the LMRA, 29 U.S.C. § 185.

70.      Absent an audit, it is impossible for Plaintiffs to establish the exact amount of contributions owed to the AMF.

**WHEREFORE**, the AMF prays for an order and judgment against Defendant Resource providing for:

A.      For an accounting and audit, at Defendant Resource's expense, of the books and records of Defendant Resource in order to determine and verify the precise

and exact amounts owed to the AMF for the period from March 1, 2016 through

December 31, 2019;

B.     Payment of the unpaid and delinquent contributions owed by Defendant

Resource to the AMF for period from July 2017 to the present and any additional unpaid

contributions uncovered in the audit;

C.     Payment of interest and liquidated damages owed to the AMF under the

terms of the Labor Agreements for the late paid and unpaid contributions from July 2017

to the present and for any additional unpaid contributions uncovered in the audit;

D.     Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in

prosecuting this matter; and

E.     For such further relief as the Court deems just, equitable and appropriate.

<u>**COUNT XI – BREACH OF CONTRACT**</u>

**COME NOW** the Trustees of the Health and Welfare Fund, the Trustees of the

Pension Fund, the Trustees of the Vacation Fund, the Trustees of the Apprenticeship

Fund, the Trustees of the Holiday Fund, the Trustees of the Income Security Fund, the

Trustees of the Salary Deferral Plan, the Trustees of the Market Research Fund, the

Trustees of the NEBF, and St. Louis Chapter-NECA, on behalf of the AMF (the "Funds")

and state as follows:

71.    Plaintiffs re-alleges and incorporates as part of Count XI, paragraphs 1-70

as if fully set forth herein.

72.    This cause of action is for breach of contract between Plaintiff Funds and

Defendant Resource and Defendant McCoy, an individual, for payment of unpaid

employee benefit contributions, interest, liquidated damages, costs and attorneys' fees

due under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act (LMRA) of 1947, as amended, 29 U.S.C. § 185.

73.     This Court has exclusive and preemptive jurisdiction to adjudicate the Local Funds' rights to amounts arising and due under ERISA and the LMRA, which are laws of the United States.

74.     On August 18, 2016, Defendant Resource, via Sherman McCoy, President and CEO of Defendant Resource and its duly authorized representative, entered into a Payment Agreement with the Funds providing for the payment of unpaid employee benefit contributions for the months of November 2011 and January 2012 through February 2016, plus interest, liquidated damages, costs and attorneys' fees.  A full and accurate copy of the Payment Agreement is attached hereto and incorporated herein as Exhibit 2.

75.     Defendant Resource acknowledged that it owed the NEBF $539.99 in reported but unpaid contributions for the month of November 2011 and $427.28 in interest and liquidated damages on those contributions.  Defendant Resource also acknowledged that it owed the Funds (including the NEBF) $118,244.44 in reported but unpaid contributions for the months of January 2012 through February 2016 and $88,970.21 in interest and liquidated damages on those contributions.

76.     Pursuant to the terms of the Payment Agreement, Defendant Resource agreed to pay the total amount due in unpaid contributions for November 2011 and January 2012 through February 2016 in monthly installments.  The total amount due in interest and liquidated damages depended on how quickly Defendant Resource paid

the unpaid contributions.  Defendant Resource also agreed to "remain current" by timely submitting the monthly reports and contributions within fifteen (15) days following the end of the calendar month.

77.     Pursuant to the terms of the Payment Agreement, the Funds agreed that, as long as Defendant Resource complied with all of its obligations under the Payment Agreement, the Funds would not take action to collect the amounts covered by the Payment Agreement and not seek payment of additional accrued interest or liquidated damages due or attorneys' fees or costs incurred.

78.     Defendant Resource failed to pay monthly installments from July 2017 to the present.  In addition, Defendant Resource has failed to keep current by not paying monthly contributions for various months from July 2017 to the present.

79.     Defendant Resource's failure to timely make payments due under the Payment Agreement and failure to keep current is a breach of the parties' Payment Agreement and constitutes default.  This breach is a violation of Section 515 of ERISA and Section 301 of the LMRA.

80.     Under the Payment Agreement, Defendant Resource agreed that if it defaulted, then the full amount of contributions, interest, and liquidated damages owed to the Funds under the Payment Agreement, minus any payments received from or on behalf of the Employer, would become immediately due and owing, as well as any additional interest and liquidated damages which would have otherwise accrued on the unpaid contributions and attorneys' fees incurred.  Defendant Resource agreed that the Funds could file suit immediately, and that Defendant Resource would not contest

24

liability, and that it would be responsible for any attorneys' fees and costs incurred in enforcing the terms of the Payment Agreement.

81.     Under the Payment Agreement, Defendant McCoy, an individual, agreed to personally guarantee the amounts due and agreed that any amounts not paid by Defendant Resource could be recovered against Defendant McCoy personally and the Funds could hold Defendant McCoy liable for the obligations set forth in the Payment Agreement.

82.     The remaining balance due under the Payment Agreement is $208,181.62.  The Funds have exercised their right to accelerate this balance due and Defendant Resource and Defendant McCoy must immediately pay this amount plus interest, liquidated damages, attorneys' fees and costs, which continue to accrue.

**WHEREFORE**, the Funds pray for an order and judgment against Defendant Resource and Defendant McCoy:

A.     For payment of $208,181.62 in unmade payments due under the Payment Agreement; and

B.     For payment of interest and liquidated damages, per ERISA, on the remaining unpaid contributions that would have otherwise continued to accrue; and

C.     For reasonable attorneys' fees and costs; and

D.     For such further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

SCHUCHAT, COOK & WERNER

/s/ *Amanda K. Hansen*
Amanda K. Hansen (64889MO)
Rhona S. Lyons (33831MO)
1221 Locust Street, Second Floor

25

St. Louis, MO  63103
(314) 621-2626
FAX: (314) 621-2378
akh@schuchatcw.com
rsl@schuchatcw.com

800648.docx